UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANITA K. BYRD, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case Number: 17-1919 (BAH) |
| SONNY PERDUE, | ) | |
| Secretary of Agriculture, | ) | |
| Defendant. | ) | |

## ANSWER

**COMES NOW** defendant, Sonny Perdue, in his official capacity as Secretary of the United States Department of Agriculture (hereinafter referred to as "Defendant"), by and through the United States Attorney for the District of Columbia, who hereby answers the allegations brought against him in the Complaint filed by the Plaintiff Anita K. Byrd (hereinafter referred to as "Plaintiff"):

### FIRST DEFENSE

Plaintiff failed to contact an Equal Employment Opportunity counselor within forty-five (45) days regarding her Title VII claims, pursuant to 29 C.F.R. § 1614.105(a)(1).

### SECOND DEFENSE

Plaintiff cannot establish a *prima facie* case of disparate treatment based on race (African American) discrimination pursuant to Title VII.

### THIRD DEFENSE

Plaintiff cannot establish a *prima facie* case of disparate treatment based on sex (female) discrimination pursuant to Title VII.

## FOURTH DEFENSE

Plaintiff cannot establish a *prima facie* case of retaliation (prior EEO activity) under Title VII.

## FIFTH DEFENSE

Plaintiff cannot establish a *prima facie* case of gender discrimination under the Equal Pay Act.

## SIXTH DEFENSE

For all allegations of discrimination based on race, sex, and/or reprisal for which Plaintiff has provided a *prima facie* case, Defendant has legitimate, non-discriminatory reasons for its actions, and the Plaintiff has not demonstrated any evidence of pretext.

## SEVENTH DEFENSE

For all allegations of discrimination based on gender for which Plaintiff has provided a *prima facie* case under the Equal Pay Act, Defendant maintains that Plaintiff's pay disparity was justified by a factor other than sex.

## EIGHTH DEFENSE

Defendant reserves the right to assert affirmatively any other defense that constitutes an avoidance or affirmance under Federal Rule of Civil Procedure 8(c). Defendant asserts all applicable statutory limitations with respect to Plaintiff's damage claims.

## NINTH DEFENSE

Defendant responds to the specifically-numbered paragraphs and prayer for relief set forth in the Complaint as follows:

## COMPLAINT

1. This paragraph constitutes Plaintiff's articulation of the laws under which this action is brought to which no response is necessary. To the extent a response may be required, Defendant admits that Plaintiff seeks to pursue this matter under the cited authority but denies that the allegations raised in the Complaint support a cause of action in this court.

## JURISDICTION

2. This paragraph is a statement of jurisdiction to which no response is required. To the extent a response may be required, Defendant advises that he is not contesting jurisdiction at this time but denies all other allegations contained in this paragraph.

## VENUE

3. This paragraph is a statement of venue to which no response is required. To the extent a response may be required, Defendant advises that he is not contesting venue at this time but denies all other allegations contained in this paragraph.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Denied. Plaintiff failed to timely initiate EEO counseling prior to bringing this action.

## PARTIES

5. Admit.

6. Admit.

## **STATEMENT OF FACTS**

7.      Admit.

8.      Deny.  Robert J. Schappert, III (Caucasian, Male, Prior EEO activity: Witness) served as the Director of Emergency Response and Continuity Programs, GS-15, Office of the Chief Information Officer, Natural Resources Conservation Service.  Defendant with without sufficient information to admit or deny that exact date Mr. Schappert retired.

9.      Deny the first two sentences.  Deny to the extent Plaintiff asserts she acted as the Emergency Response Officer, admit the Director of Emergency Response and Continuity Programs position was not downgraded or reclassified to a lower grade between April 1, 2015; through April 14, 2016.

10.     Deny to the extent Plaintiff performed substantially the same duties as Mr. Schappert before he retired.  Admit Plaintiff was compensated at the GS-14 level, and Mr. Schappert was compensated at the GS-15 level.

11.     Deny to the extent Mr. Christensen was aware of Plaintiff's prior protected activity on or before April 14, 2016.  Admit Mr. Coleman was aware of Plaintiff's prior protected activity on or before April 14, 2016.  Deny to the extent the paragraph implies Plaintiff was entitled to receive compensation at the GS-15 level at any time.

12.     Deny.

## **STATEMENT OF CLAIMS**

13.     Defendant reasserts all responses to each and every allegation set forth in paragraphs 1-12, and further denies this paragraph.

14. This paragraph contains Plaintiff's legal conclusions and characterizations of her lawsuit, to which no response is required. To the extent a response is deemed required, Defendant denies that it violated the Equal Pay Act.

15. This paragraph contains Plaintiff's legal conclusions and characterizations of her lawsuit to which no response is required. To the extent a response is deemed required, Defendant denies Plaintiff is entitled to any damages.

## REQUEST FOR RELIEF

(a-c; e-g [sic]) Plaintiff's request for relief requires no response, but to the extent a response is deemed required, Plaintiff is not entitled to damages of any nature, including, but not limited to, declaratory relief, attorneys' fees, costs of suit, or compensatory damages. Defendant denies that Plaintiff is entitled to the relief sought in the Complaint or to any relief whatsoever.

## JURY DEMAND

Defendant denies that Plaintiff is entitled to a jury trial except as to those claims that may properly be asserted under Title VII.

All allegations contained in the Complaint not heretofore specifically admitted, modified; or denied are hereby denied.

Respectfully submitted,

JESSIE D. LIU , DC Bar # 472845
United States Attorney for the District of
  Columbia

DANIEL F. VAN HORN, DC Bar # 924092
Chief, Civil Division

_____
PATRICIA K. MCBRIDE, PA Bar # 54561
Assistant United States Attorney
Civil Division
555 4th Street, NW, Room E-4808
Washington, DC  20530
Tel:     202.252.7123
Fax:    202.252.2599
Email: patricia.mcbride@usdoj.gov

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of November 2017, a true and correct copy of the foregoing Answer to the Complaint was served via the Court's ECF system upon counsel for Plaintiff:

Ellen Renaud, Esq.
Swick & Shapiro, P.C.
1101 15th Street, N.W.
Suite 205
Washington, D.C. 20005

*Attorney for Plaintiff*

                                              Respectfully submitted,

                                              PATRICIA K. MCBRIDE, PA Bar # 54561
                                              Assistant United States Attorney